**In re Dale C. WALTER and Lucille K. Walter t/a Kozy Korner, Debtors.**

**Dale C. WALTER and Lucille K. Walter, Plaintiffs,**

**v.**

**Wilfred B. LAMOUREAUX and Bertha Lamoureaux, Defendants.**

**Bankruptcy No. 5–87–00121.
Adv. No. 5–89–0040.**

United States Bankruptcy Court,
M.D. Pennsylvania.

March 27, 1990.

---

Charles A. Szybist, Williamsport, Pa., for debtors, plaintiffs.

Henry W. Mitchell, Williamsport, Pa., for defendants.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

This proceeding is before the Court on a Motion requesting Summary Judgment filed by the debtors. For the reasons provided herein, the Motion is granted.

The facts are as follows. The defendants hold a third mortgage position on certain real estate owned by the debtors in Mifflenburg, Pennsylvania. On or about February 25, 1987, the debtors filed their Chapter 13 plan under the United Bankruptcy Code. Thereafter, on approximately March 5, 1987, defendants, in violation of the automatic stay, filed a mortgage foreclosure action against that real estate in the Court of Common Pleas of Snyder County. Thereafter, defendants filed a Motion to lift the automatic stay in the this Court and obtained a default judgment permitting them to proceed to State Court to continue foreclosure proceedings. On or about July 1, 1988, the real estate was sold by the Sheriff of Snyder County at the instance of a suit brought by the first mortgagee, Swineford Bank & Trust Company.

The proceeds of the Sheriff's sale generated funds sufficient to pay off only the first mortgagee. Consequently, the second and third mortgagee did not receive distribution from the Sheriff's Sale. On or about April 10, 1989, the defendants filed a petition for leave to amend their original foreclosure complaint in order to assert an in personam action against debtors in the Court of Common Pleas of Snyder County. The debtors responded by filing a Motion to Enjoin the defendants from proceeding in State Court with this new cause of action. The defendants answered that motion and debtors filed the instant motion for summary judgment.

In support of their motion for summary judgment, the debtors assert that jurisdiction for settlement of any claim between the debtors and the defendants is rightfully in the Bankruptcy Court and all claims should be adjudicated and all rights determined under the provisions of the Bankruptcy Code. Defendants claim that they are neither obtaining relief in the Bankruptcy Court nor are their interests protected by the debtors' plan of reorganization. Additionally, defendants argue that their secured position was diminished during the course of this Chapter 13 because the debtors permitted the property to ruin

thus lowering its fair market value. The defendants also claim that debtors have failed to abide by the terms of their own plan of reorganization. Consequently, without protection being afforded them under the United States Bankruptcy Code, they are requesting permission to proceed to State Court to exercise in personam rights against the debtors.

■ We find no support for the defendants' position in this matter. They are listed as secured creditors in this bankruptcy and have participated in a number of proceedings initiated on their own behalf and others by the debtors during the course of this bankruptcy. If the defendants contend that their interests are not being protected then they have available to them a full complement of remedies and rights provided by the Bankruptcy Code, e.g., objecting to debtors' discharge or objecting to their plan of reorganization. However, this Court does not comment as to the timeliness or the merits of any of the remedies and rights available to the defendants through the Bankruptcy Code. Jurisdiction of any dispute or claim arising between the parties concerning the Court approved sale of debtors' real estate and the subsequent disposition of the sale proceeds or the treatment of defendants as creditors in debtors' plan of reorganization is in this Court and not State Court in personam actions.

■ Consequently, we find that the defendants are enjoined from proceeding with in personam remedies against the debtors in State Court and that jurisdiction on all rights and remedies defendants may have as creditors is properly in the bankruptcy court. We further find that there are no material facts in issue and that the debtors are entitled to judgment as a matter of law pursuant to Rule 56(c) of the Federal Rules of Civil Procedure as made applicable to this proceeding by Bankruptcy Rule 7056. Summary judgment is granted in favor of the debtors and against the Defendants.

IT IS SO ORDERED.